Good morning, Your Honors, and may it please the Court, Benton Martin of the Federal Defender Office in Detroit, on behalf of Petitioner Denard Peterson, I'd like to save three minutes for rebuttal. You may. The State Trial Court improperly deprived Mr. Peterson of his right to appellate review of his conviction with counsel because of his mental incompetence and based on the unreasonable conclusion that a motion for relief under Michigan Court Rule 6500 was an adequate substitute for his direct appeal. Given Mr. Peterson's profound, well-documented, and continuing mental illness, which includes delusional and disorganized thinking, procedural default of that claim should not prevent this court. He was still in the same shape or worse than he was when the State Court declared him to Yes, Your Honor, and I would note two things in that regard. One is that, during the district court proceedings, there was a psychologist who reviewed all of his medical records and concluded that throughout the whole time of... What can we do for him then? I mean, what is the... If the federal court were to issue a habeas writ, what would it say? I think that what it could say is that Mr. Peterson should be reinstated to the place that he was during the pendency of his direct appeal and given an opportunity for there to be a restoration of his competency. Dr. Wendt noted that he's never gone through, since the time that he was initially deemed incompetent during his direct appeal. When he, during his appeal, when after that came back that the court-appointed psychologist found him incompetent, his attorney did request, at that point, that he be committed for treatment, and that was never done. There was never a formal competency restoration process. But he was committed. There was a forensic psychiatrist and all that, and everybody agreed, I assume, that he was mentally incompetent way back years ago. And so, in order... Well, what happened was he actually... Did you want to get him declared mentally competent? There is a process in the state where they can go through and attempt to restore his competency. It actually happened with Mr. Peterson in regards to an earlier case he'd had. Don't you have to ask the state? I mean, the federal government has never had jurisdiction over his competency. Don't you have to ask the state court to review his competency and not the federal court? And I think that's the problem here, is that there really is no mechanism to do that at a grant of habeas relief, restoring him to that place that he was during his... Don't you have to exhaust that question in the state court before we intervene to tell the state court to do something that we don't know what it is? I think it has been exhausted. When his attorney did request it, and instead of giving him a restoration treatment, the court just dismissed his appeal altogether. The medication that he's been receiving while he's been in the Michigan prison system, Dr. Peterson has just been aimed at sort of managing his behavior. So if he's just sitting there and not hurting himself or others, there's been really no effort to restore him to competency. Is there any order by the state court opinion or anything that takes up the question of whether he's still mentally incompetent and therefore would be in a position to advise with his counsel in a proceeding? No, and I think that that's something that could happen if this court were to grant habeas relief. When he attempted to come... But normally you have to exhaust that before we intervene under the EPA and the statutory  So, Mr. Peterson has exhausted all of his Michigan court, the avenues for him to... For relief. The 6500 motion, he did file an initial 6500 motion, it looks like with the help of a prison legal writer, and ended up not appealing that to the... Or messing up the procedural rules when he attempted to appeal that in state court. But that did raise the issue of his incompetency and argued that he had been incompetent at the time of the underlying proceedings. Do you concede we are governed by AEDPA here? I believe so. Okay, now under AEDPA, don't you have to show that what the state court did was contrary to clearly established federal law as declared by the Supreme Court? Right, I think... And the fact that he didn't appeal because of incompetency was contrary to federal law. I think the critical point here, and it also allows relief if there's an unreasonable application of Supreme Court law... Okay, and where's your case that says this was unreasonable? Right, I'd point to a number of cases, and I'd direct the court first to this court's decision in Hardaway versus... Wait, wait, wait. We're not the Supreme Court. Right, exactly. You're right. We wish we were, but we're not, so... Right. Well, not all of us wish we were. Well, give me a Supreme Court case, not Hardaway. Yes, Hardaway relied on, and that's why I'm pointing this court to that, three Supreme Court decisions, which were Douglas versus California, Halbert versus Michigan, and Rowe versus Flores-Ortega. And I'd note that in the Supreme Court, in Marshall v. Rogers, has said that this court's entitled to look at circuit precedent when ascertaining, quote, if this court's already held that the particular point and issue is clearly established by a Supreme Court judge. But did any of those three Supreme Court cases say that depriving someone of their direct appeal because of an incompetency is a violation of the federal constitution? No, but I think what those courts do have the... What they do stand for is a proposition that a post-conviction proceedings are not the same as a direct appeal as a right, and the court... Not to establish, clearly establish federal law that because of waiver of direct appeal due to incompetency is a violation of the constitution. I think the critical error in the state court was that it stated that if he regained competence, he could move for post-conviction relief under 6500, which is this post-conviction proceeding. And that's directly in the Michigan state court's decision. And then when he came back and attempted to file that, the court didn't give him an attorney or attempt to reevaluate his competency. They just treated his post-conviction proceeding as if it was an adequate substitute for his direct appeal. Well, I guess another question I have is where's the prejudice here? I mean, your client ended up pleading no contest to the basic offense, right? And there was a competency hearing at that time, and the state court found he was competent to plead no contest, right? Right. Okay. So even if you were somehow successful in getting his plea of no contest set aside, you could end up, your client could end up worse off, right? That's, I mean, that was the concern that trial counsel raised in the first instance. But I do think it's Mr. Peterson's prerogative to be able to choose whether to withdraw that plea. I would note a couple things. One is the counsel did not, never said when he moved in the original trial court that there was no grounds for appeal. And in Halbert v. Michigan, the Supreme Court actually addressed no contest pleas. It was a defendant with a no contest plea like Mr. Peterson and ran through a whole list of issues that can still be raised even when a defendant pleads guilty in that way. And the court also noted and emphasized that navigating that appellate process without a lawyer's assistance is a perilous endeavor well beyond the competence of individuals like Mr. Peterson who have little education, learning disabilities, and mental impairments. So I would note that it's important that he does get a chance with counsel to go over that. You just got through saying that his competency has not returned. So what good is it going to do? I don't understand what it is you want for him. You want to have a review of the earlier ruling by the state trial court, but if he's incompetent, the state trial judge in the appellate part of the review when his lawyer said, I can't communicate with him, he's incompetent, put him back out for psychological review and said that he's incompetent, and if he is still incompetent, what good is any kind of federal relief going to do? I think it's important that there's never been a finding that he could not be restored to competency. And that is something that the state relief that the state court could attempt to provide. There was no effort made to attempt to... If they asked the state court to review that, I guess you'd have to go back to the state trial court. And that's exactly what we're asking for, essentially, is habeas relief that would allow him to go back to that place where he could ask and the state court could make that decision. That's up to the... Have you asked the state trial court to review this, his competency now? Don't you have to do that first? I don't think there's a mechanism for him to go back and ask that the state court review his competency when there is already been... He's already gone through one round of review in terms of his post-conviction relief. Do you have any case at all that would be direct precedent for what you're asking us to do? There's not been a Supreme Court case that has directly dealt with the issue of an incompetent... An appeal that's been dismissed because... Is there any Sixth Circuit case that deals with this situation? I think this is a unique situation. I think that this court has to look to some of the principles in the Supreme Court cases that... But the Supreme Court has made it pretty clear that we can't find clearly established Supreme Court precedent that was available at the time the state court acted. We can't find that precedent by extrapolating from something else that they've done. It's got to be clearly established and that's... I'm really struggling to find under the OEDPA standard what clearly established Supreme Court law you're looking at that was in fact extant at the time that the state courts and particularly the actions that you're complaining of at the time those orders were entered. Right. I think that the key here is that this treatment of being able to go back and get relief later if he regained competence was that something that was equal to having that direct appeal. I think that this would have been a different question if they had actually, when he came back on the 6500 motion, gave him an attorney or re-evaluated his competency at that point and made it something that was more equivalent to a direct appeal. But that wasn't done here and I think that that was an unreasonable application of what the Supreme Court has already said. I'm very sympathetic with your situation because you were in federal court. You were appointed by the federal judge to try to advise him concerning the lawsuit in federal court. You undertook the case at that point so you've had to deal with that case and I'm sympathetic to that. But have you had an opportunity to talk to the client? I have, your honor. And you can't really communicate with him much? That's correct. At this point he speaks mostly, I think one prison note puts it well in essentially a word salad. Yeah, it's just, yeah. I'll save the rest of my time for Rebecca. Thank you. Good morning, your honors. Raina Corbacus from the Michigan Attorney General's Office here on behalf of Respondent Appalee, Paul Klee. Habeas is an extraordinary remedy and the district court in this case was right to deny petitioner habeas relief. The state asks this court to affirm that denial. A certificate of appealability was granted on two issues and there's also a third issue regarding whether the district court was right to apply equitable tolling. And I plan to focus today on the two issues that were certified for appeal and rely on my brief for the equitable tolling issue. The most direct way to resolve this case is either on procedural default grounds as the district court alternatively found. Procedural default, as this court knows, is a preliminary issue. In this case it is not complex. The district court was right to find the claims defaulted and there's been no dispute that they are defaulted. There's no dispute that he can't, petitioner can't show a fundamental miscarriage of justice. The question is whether he can show cause and actual prejudice to excuse the default. You need both. The district court found that he couldn't show cause based on his mental illness. But this court need not even consider that because he most certainly can't show actual prejudice. And actual prejudice, as this court said in Ambrose and Jones, cannot be presumed even in a structural error case. The Sixth Circuit clearly said that. You're saying he can't show prejudice because, for example, he's still mentally incompetent and he can't deal with his lawsuit? He can't show prejudice to excuse the default because he can't show that either the proceeding was infected with constitutional errors or that the outcome... Which proceeding? The plea proceeding. The underlying plea proceeding. And it's hard to see how he gets past showing actual prejudice to excuse or get around the default in this case. There's no evidence that at the time of the plea proceeding he was incompetent or that there was any type of constitutional error at the time of the plea proceeding. And that's something that the district court addressed and found that there was no error there. And there's also no... If he hadn't been suffering from the mental problems and having entered the plea that he entered, had he then decided that, no, wait, he really didn't want to do that and wanted to appeal so that he could withdraw the plea, he didn't have any actual right to the appeal, did he? He had a right to file a notice or a request. He had... His appeal at that point would have been by leave. It wouldn't have been an appeal of right. Right. Now, one of the things that I've been trying to sort of figure out here is, under Michigan's procedures, when you file a request for leave to file a direct appeal, where does that... Where is that filed? That is filed with the Michigan Court of Appeals. So that wasn't done in this case? A claim of appeal was filed with the Michigan Court of Appeals and he was appointed appellate counsel. He was given appellate counsel. Okay. So that then resulted in his going to the trial court and saying, help, because I can't talk to this guy. And he wants to withdraw a plea, which would be really detrimental to him to do. Correct. What happened is appellate counsel met with petitioner, found that he was having trouble understanding the consequences, the very serious consequences. But the place where I'm having trouble kind of sorting all this out is that the district court or the trial court then dismissed the appeal. And I'm trying to figure out how the trial court could dismiss something that hadn't actually... Leave hadn't been granted to appeal anyway. Leave hadn't been granted, but the claim of appeal had been filed. So was it up to the trial court to dismiss the claim of appeal? I would have thought that would be up to the appellate court. Well, he went back to the trial court, to appellate counsel to express his concerns about going forward with the appeal. And as I indicated, his concerns were very real and serious concerns. And he also asked the trial court for another competency evaluation, which came back finding petitioner incompetent and he didn't understand the consequences of withdrawing his plea. So the appellate attorney at that point acted very reasonably and asked either for some type of treatment from the trial court or for guidance on how to proceed. Appellate counsel wasn't sure how to proceed. It was the trial court that he turned to, to ask for guidance. And the trial court ultimately found, given the circumstances of his incompetency, that the better course would be to dismiss the appeal with the right to give him review down the road, should he regain competency. So it would be up to the trial court in the first instance to undertake to do that? Correct. That was the procedure that appellate counsel took in this case. Nobody's ever asked the trial court to undertake that now, have they? To do another competency evaluation? The, yes. I don't believe the trial court has... Is incompetent. I don't believe another competency... Is he incarcerated or in a hospital or what? Currently, he is incarcerated and he is being treated for his mental illness and has been from the beginning. And going back to prejudice briefly, I mean, the other thing he can't show is that he wouldn't have taken this plea had he been... I mean, he was competent as the state's position, but he wouldn't have taken this plea. This was a tremendous benefit for him, this plea. He was charged with forcibly raping and assaulting a 73-year-old woman. There was strong evidence against him. The victim identified him in a lineup. He made a full confession after being Mirandized. If this case had gone to trial, he would have been facing very serious consequences. He would have been facing potential consecutive sentencing. That's for the first degree criminal sexual conduct and the home invasion and possibly enhanced sentencing due to his habitual second status. So this was a very favorable plea that he did accept. And he still got a minimum of 23 years, nine months, right? He did, Your Honor. But again, considering what he was facing and the very real likelihood that he would have been convicted given the evidence against him, it would have been significantly longer had he not pled. Ambrose and Jones made it clear that in order to get past a default, a petitioner has to show actual prejudice. And it's the state's position that his claims are clearly defaulted and he can't get past showing actual prejudice. So the court need not even consider whether mental illness can constitute cause. But even if it did, it's the state's position that it doesn't. The Supreme Court has talked about cause being some objective factor external to the defense that impeded his ability to comply with the rules. And mental illness isn't something external to the defense. Petitioner is trying to take something internal, very internal, and make it external. But it isn't consistent with the Supreme Court's language in Murray and subsequent cases. We've got an Eighth Circuit case, don't we, that holds the bower socks that holds that mental illness can be cause? There is an Eighth Circuit case and it does hold that. The state urges the court to follow all the circuits that hold that mental illness is not. Those opinions are more consistent with the Supreme Court's language in Murray and Coleman. But even if the court did follow something like the Eighth Circuit's decision in Holt, it should find, like the district court did, the petitioner in this case just didn't meet it. It's a high burden to meet and he didn't meet it. He didn't show why he couldn't proceed to the Michigan Court of Appeals but could somehow initiate an appeal to a motion for relief from judgment to the trial court. Turning briefly to the merits of the case, if the court were to bypass the default, relief would not be warranted also on the merits. Petitioner concedes that AEDPA applies to the underlying claims and that there's no clearly established Supreme Court precedent supporting his position. The trial court in here reasonably found that appellate counsel was not ineffective for the actions that he took. He met with petitioner. He had concerns about his competency. He ended up asking for an evaluation. And after that, moving for guidance or treatment, guidance how to proceed. And there's just no Supreme Court law giving guidance on how appellate attorneys should act when dealing with incompetent defendants who want to withdraw their plea without. As a practical matter, he doesn't have any family who wants to take care of him. He obviously has to be, if he were free, he would have to be taken care of. He doesn't have any family so the only place that he can be is under some kind of governmental supervision and control. That seems to be the case, yes. How old is he? That is a good question. I am not sure. I believe in his mid to late 50s at this point. I'm not exactly sure. The cases that the petitioner cited as Supreme Court precedent don't stand for the proposition that either his right to effective assistance of counsel was violated or that the trial court somehow violated due process in dismissing the appeal and handling the case as it did in this case. I wanted to note that Flores Ortega is distinguishable. That was not a defaulted case. That didn't involve the default context. So that case is distinguishable. And in this case, unlike in Flores Ortega, where the defendant's appeal in that case was entirely forfeited, here petitioner did have review of his claims by the trial court on the motion for relief from judgment. The trial court here did not apply a procedural bar. It didn't summarily deny his claims. The trial court issued a detailed opinion, applying de novo review to all of his claims. And it's the state's position that Flores Ortega does not apply when the defendant actually gets post-conviction review, as the petitioner in this case did. And as I indicated earlier, petitioner hasn't shown any clearly established Supreme Court law prohibiting dismissal of the appeal, as the trial court did in this case, or requiring the states to recognize a renewed direct appeal after an initial one is dismissed under a situation like this due to his incompetency. I'd like to just briefly touch upon the equitable tolling. It's the state's position that the district court was wrong to equitably toll this case. The petition was clearly untimely. I think what the district court did here was give petitioner the benefit of the doubt. I believe the district court was a little bit lax in applying the equitable tolling doctrine. The state does not dispute the petitioner has a history of mental illness, only that it hasn't consistently amounted to mental incompetence for the entire time, and that it hasn't prevented him from timely filing a petition or from filing it earlier, and that he was diligent. As indicated in the brief, there were periods of time where petitioner was filing either pro se or with the help of prison legal staff other matters. And we're talking about with the trial court, with the state trial court, with the Michigan Department of Corrections, he was handwriting grievances with the Michigan Department of Corrections. And his handwriting is difficult to read, no doubt. But if you can make out what he's saying, it makes sense. I mean, he's raising claims that are somewhat illegible, but when you can read them, I mean, his claims aren't totally baseless. And he also filed a pro se civil lawsuit with the federal court. This was 2011, I believe. And in 2010, he was filing matters with the trial court and with the Michigan Department of Corrections. And all that shows is that his mental illness didn't prevent him from filing other matters. And if he could file these other matters with the state courts, with the federal court, he certainly could have filed his habeas petition earlier than he did. Again, the most direct way to resolve this is on default grounds or on the merits. But the state also believes that the district court erred in applying equitable tolling. The state respectfully asks this court to affirm the district court's denial of habeas relief. Thank you, counsel. I'd like to briefly address the issue of cause for procedural default. This court's recognized that it's an open question whether mental incompetence can serve as cause for default. And the district court indicated it felt constrained by the lack of case law. But I would point this court to the Supreme Court's decision in Maples versus Thomas, which recognized that the court has struck a balance that respects finality while ensuring that fundamental fairness remains the central question of the writ of habeas corpus in defining what cause can be. And in that case, the court found cause to excuse default. When a petitioner failed to file a timely appeal because his attorney said essentially stopped working on his case without telling him, and the court reasoned that cause for default existed because the petitioner, quote, was disarmed by extraordinary circumstances quite beyond his control. I think that reasoning applies here because Peterson's mental illness represents that same type of extraordinary circumstances. But on top of that, even if this court were to find that severe mental incompetence as a rule doesn't give rise to cause for default, it could still find in these unique circumstances that it did because the state failed after dismissing his appeal for incompetency to ensure him adequate representation during post-conviction review, making the default attributable to the state, and thus, as the Supreme Court has mentioned, this term external to the defense, giving rise to a cause for default. The district court, as the respondent has noted, cited petitioner's filing of an initial collateral attack and some of these other documents as proof that he could comply with the state procedural rules. But Dr. Wendt made clear when he testified that given Peterson's mental state, he couldn't have been an active participant in those filings and must have relied on prison legal writers. I think it goes without saying that prison legal writers aren't the same as effective assistants of counsel. Due to a lack of resources, they have no obligation to continue assisting inmates. I think that underscores actually why it was inappropriate for the state court to consider post-conviction proceedings an adequate substitute for a direct appeal without giving Peterson an attorney to assist him in doing that. I would also note that in similar contexts, equitable tolling of prison rights exhaustion requirements, this court has recognized that mental illness can excuse failure to comply. What you're saying is you want to order from the federal court that the state allow him to appeal his sentence in the state district, in a state trial court. That's what you're asking, right? Right. With assistance of counsel, in particular, and an effort to respond. Well, not just his sentence. I gather you also want to allow him to be able to challenge his pleading no contest? Right, a full direct appeal. But one thing he could challenge in that is his sentence, which I do think there is a right to allocution was problematic in that, and that he started spouting off this random word salad during his allocution before the state judge. We ask this court to grant habeas relief. Thank you very much, Your Honor. Thank you, counsel. The case will be submitted. Clerk, may I call the next case?